**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Muhammad, | No. CV-22-02024-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Transunion Consumer Solutions, et al., | |
| Defendants. | |

Plaintiff filed an Application for Leave to Proceed in Forma Pauperis. (Doc. 2.) If a Plaintiff is proceeding in Forma Pauperis, the Court must review the Complaint (Doc. 1) to determine whether the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, under Federal Rule of Civil Procedure ("Rule") 8, a pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Fed. R. Civ. P. 8(a)(3).

While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

Here, the Court finds that the Complaint satisfies the procedural and statutory requirements.  Plaintiff asserts federal question jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., naming Defendants Experian, Equifax Information Services, LLC, and Transunion Consumer Solutions.  Plaintiff further alleges the following: (1) Transunion, Equifax, and Experian ("Defendants") failed to verify the transactions Plaintiff disputes in police reports regarding his identity theft claim; (2) Defendants failed to provide Plaintiff with requested information regarding his credit report; (3) Defendants failed to remove information from Plaintiff's credit report following his identify theft claims and supplied police report; and (4) Defendants caused Plaintiff and his business financial harm since May 2020.  (Doc. 1 at 4.)

Plaintiff next alleges that he has "been unable to advance my quality of life, the quality of life of my family and my business because of my credit worthiness, which was caused by the gross negligence and mismanagement by Transunion, Equifax, and Experian." (*Id.*)  Plaintiff seeks $100,000 in damages under the FCRA. (*Id.*)  Plaintiff also seeks $150,000 in punitive damages, asserting that "[e]ven after submitting the required documentation Experian has acted recklessly, irresponsibly, and with total disrespect for the federal laws mandating proper & just conduct as it pertains to management of my credit line." (*Id.*)  For these reasons, the Court finds Rule 8 satisfied.

Likewise, when analyzing the requirements under 28 U.S.C. § 1915(e)(2)(B), the Court again finds Plaintiff's allegations are pled with sufficient specificity. The Complaint is therefore not frivolous or malicious. Lastly, Plaintiff states a claim upon which relief can be granted and names defendants subject to suit. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (recognizing the FCRA provides consumers a private right of action against furnishers of credit reporting information). Plaintiff has therefore satisfied all statutory requirements under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** allowing Plaintiff to proceed and serve the Complaint. Plaintiff is reminded to review the Courts order at docket number 7 for the requirements of service.

Dated this 5th day of December, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge